# ROBERT M. PINER

*v.*

# ELI COVER.

1. SALE OF CHATTELS—*what constitutes.* Where a person purchased a brick kiln, the agreement being that the purchaser should take the brick and dispose of them, and apply the proceeds on debts of the vendor, it was *held,* in an action of replevin by the vendee against one who claimed to hold under an attachment against the vendor, it would tend to mislead the jury to instruct them that such a transaction did not amount to a sale. Such an agreement might amount to a sale, if the transaction was fair.

2. SAME—*delivery of possession.* On the sale of a brick kiln, it is not essential to the transfer of possession to the vendee, that he should remove the kiln from the ground; it is enough, if he exercise acts of ownership over it, to the exclusion of others—as in taking possession of the kiln on the ground where it stood, and selling brick therefrom.

3. INSTRUCTIONS should be based upon the evidence.

4. INSTRUCTIONS—*obviating the error in one instruction, by another.* An error in one instruction given to a jury may be cured by another, if it can be inferred the latter was understood by the jury as explaining and qualifying the former.

5. FRAUD—*in what manner availed of.* In an action of replevin by a vendee of chattels, against one who claims the property under an attachment against the vendor, the defendant may make proof of fraud in the transaction of sale without that defense having been set up by the pleadings. Circumstances going to establish fraud in such cases are always admissible in evidence.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was an action of replevin, brought in the court below, by Piner against Cover. A trial resulted in a verdict and judgment in favor of the defendant. The plaintiff appealed.

Mr. A. L. HUMPHREY and Messrs. HANNAMAN, KRETZINGER & HANNAMAN, for the appellant.

Messrs. CRAIG & HARVEY, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of replevin, brought to the Knox circuit court, for a brick kiln, which the plaintiff claimed to have purchased from Milton Grim, on the fourteenth day of June, 1869, and which the defendant claimed to hold, as constable, on a writ of attachment issued against Grim, on the thirty-first of July, 1869, and levied on the fourteenth of August, 1869.

Exceptions were taken to the instructions given on behalf of the defendant, and among them the second and third. The second instruction is as follows:

" The jury are instructed, if they find from the evidence that the arrangement made between Piner and Grim was that Piner should take the brick and dispose of the same, and apply the proceeds on debts of Grim, that, in law, does not amount to a sale, and in that case the brick were liable to be taken on the attachment."

This instruction was calculated to mislead, as such an agreement might amount to a sale, if the transaction was fair. But the principal objection to it is, there is no evidence on which to base it.

The testimony, both parol and in writing, is to the point, that whatever debts of Grim, Piner might pay, should be credited on his note to Grim. The third instruction is:

" If the jury find from the evidence, that Grim originally owned the brick and was in possession thereof, and there was no change of possession, but that the brick still remained as they were, in Grim's possession, on the third of August, 1869, when levied on, then, and in that case, they were liable to be taken on the writ of attachment, and the jury should find for the defendant."

This instruction was wrong, as, from the nature of the article—a brick kiln—it could not be taken possession of in any other mode than by exercising acts of ownership over it, to the exclusion of others. The jury would understand by the terms of this instruction, that the kiln should be removed from the ground in order to effect a change of possession, which the law does not require. It is proved by the plaintiff, he having testified in the cause, that he took possession and sold brick from the kiln in June and July, before the attachment was issued.

The error of this instruction would be cured by that given by the court, if we could infer it was understood by the jury as explaining and qualifying the third. It was not one of a series.

It is claimed by appellant that the court erred in admitting proof of fraud in the transaction of sale, fraud not having been set up by the pleadings.

It is never required, in such cases, that fraud should be pleaded. The vendee of property is bound to show the sale was fair and *bona fide*, if impeached. Circumstances going to establish fraud in such cases, are always admissible in evidence.

We do not think justice has been done by the finding of the jury, and think the cause should be tried by another jury, and for that purpose, and for the reasons given, reverse the judgment and remand the cause.

*Judgment reversed.*