## ROBERT J. ROY.
### v.
## ALBERT GOINGS.

1. MALICIOUS PROSECUTION—PROOF OF INTENT.—The intent or object of the prosecutor in causing the arrest may be proved for the purpose of showing malice, but not for the purpose of showing want of probable cause.

2. PROBABLE CAUSE.—Want of probable cause is the main ground of this action, and casts the burden of showing it upon the plaintiff. Malice may be inferred from want of probable cause, but want of probable cause is never inferred from malice.

3. QUESTION OF LAW AND FACT.—Want of probable cause is a mixed question of law and fact. It is the province of the jury to determine the circumstances alleged, and of the court to determine whether they amount to probable cause.

APPEAL from the Circuit Court of Pulaski county; the Hon. D. J. BAKER, Judge, presiding. Opinion filed April 2, 1880.

Mr. SAMUEL P. WHEELER, for appellant; that whether the facts proved amount to probable cause is a question for the court, cited Angelo v. Faul, 85 Ill. 106; Wade v. Walden, 23 Ill. 425.

Want of probable cause and malice must be shown: Harpham v. Whitney, 77 Ill. 32; Calef v. Thomas, 81 Ill. 478; Addison on Torts, § 853; Brown v. Smith, 83 Ill. 291; Israel v. Brooks, 23 Ill. 575; Jack v. Stimpson, 13 Ill. 702.

If the prosecutor consults an attorney, stating the case fairly, and acts upon his advice, he will be protected: Anderson v. Friend, 85 Ill. 135; Calef v. Thomas, 81 Ill, 478; Harpham v. Whitney, 77 Ill. 32.

Messrs. MULKEY & LEEK, for appellee; that where the facts are controverted, the question of probable cause is for the jury under proper instruction from the court, cited Lander v. Obert. 45 Tex. 539; Cole v. Curtis, 16 Minn. 182; Driggs v. Burton, 44 Vt. 124; Weinberger v. Shelly, 6 Watts & Serg. 336; Travis v. Smith, 1 Pa. St. 234; Burst v. Gibbons, 30 Exch. 75; Pem-

Roy v. Goings.

ton v. Williams, 2 Q. B. 193; Nash v. Orr, 3 Brev. 94; Greenwood v. Mills, 31 Miss. 464; Brown v. Smith, 83 Ill. 291.

Where want of probable cause is shown, malice may be inferred: Thompson v. Force, 65 Ill. 370; Chapman v. Cawrey, 50 Ill. 512; Israel v. Brooks, 23 Ill. 575; Ross v. Innis, 35 Ill. 487.

There must be good faith in procuring advice of counsel: Murphy v. Larson, 77 Ill. 172; Ross v. Innis, 26 Ill. 259; Davis v. Wisher, 72 Ill. 262.

Where substantial justice has been done, the judgment will not be reversed for inaccuracies in instructions: Lovenguth v. City of Bloomington, 71 Ill. 238; Beseler v. Stephani, 71 Ill. 400; Hazen v. Pierson, 83 Ill. 241; Wiggins Ferry Co. v. Higgins, 72 Ill. 517.

Upon the question of damages: Reno v. Wilson, 49 Ill 95; Chapman v. Cawrey, 50 Ill. 512; Montross v. Bradsby, 68 Ill. 185; Krug v. Ward, 77 Ill. 603.

CASEY, J. This was an action on the case brought by appellee against appellant in the Circuit Court of Pulaski county. The declaration was in usual form, and alleges that the defendant falsely and maliciously, and without any reasonable or probable cause, charged the plaintiff with having feloniously stolen certain property therein described, etc., whereby he was imprisoned for the term of eight weeks, etc.

To this declaration a plea of not guilty was filed on which issue was joined. The cause was submitted to a jury. The verdict was for the plaintiff in the court below, assessing the damages at $1,000. Motion for a new trial and in arrest of judgment were made by appellant which were refused by the court. An appeal prayed to this court and allowed.

It is urged that the court below erred in giving the first, second, third, fourth, sixth, seventh and eighth instructions for and at the request of appellee. They are as follows:

" 1. The court instructs you for the plaintiff that if you believe from the evidence that the defendant maliciously caused the arrest and imprisonment of the plaintiff, without probable cause, as alleged in the declaration, you should find for the

plaintiff, and assess his damages at what you think proper from the circumstances of the case, not exceeding the sum of $2,000.

"2. The court further instructs you that if you believe from the facts and circumstances, as given in evidence, that the defendant had not probable cause for causing the arrest and prosecution of the plaintiff, you may infer malice from such want of probable cause.

"3. The court further instructs you that to constitute a probable cause for a criminal prosecution, there must be a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged.

"4. The court further instructs you that the term malice in this form of action is not to be considered in the sense of spite or hatred against an individual, but of an evil intention as denoting that the party is actuated by improper and indirect motives.

"6. The court instructs you that in order for you to determine whether the defendant had probable cause for swearing out the warrant for the arrest of the plaintiff, you have a right to take into consideration the object, if shown by the evidence, which the defendant had in view in doing so; and if the evidence shows the object was simply to get the plaintiff out of the way, so that he could not interfere with the sale of the property mortgaged, and not from an honest belief that the plaintiff was guilty of stealing his property, then, and in that case, there was no probable cause, and such prosecution would be regarded in law as a malicious prosecution.

"7. The court instructs you that before one can shield himself from a malicious prosecution by reason of the advice of an attorney, it has to appear that he concealed no material facts from the attorney, but laid all the facts in the case before him, and acted honestly on his advice; that the attorney has to be competent and capable of giving advice, or in good faith regarded to be so by the defendant.

"8. That if you believe from the evidence that the prosecuting attorney who gave the advice in this case, was at the time he gave the same not in a fit condition to give it, by reason of

intoxication or otherwise, and the defendant knew it, or had good reason to believe it, from his acquaintance with him or his habits of sobriety, then you have a right to take these facts into consideration in determining whether the prosecuting attorney was in good faith adjudged by the defendant as competent to give the advice at the time it is alleged that he did give it."

The first clause of the 6th instruction declares the law to be that the jury in determining the existence of probable cause might take into consideration ¦the intent or object appellant had in view, etc.

The intent or object of the defendant in causing the arrest, might be proved for the purpose of showing malice, but not for the purpose of showing want of probable cause. In the case of Brown v. Smith, 83 Ill. 293, in speaking of probable cause, Mr. Justice Breese said: "It is independent of malicious motive, and cannot be inferred as a necessary consequence from any degree of malice which may be proved. The question of probable cause is made of law and fact, it being the province of the jury to determine the circumstances alleged, to be true or not, and of the court to determine whether they amount to probable cause. The want of probable cause is the main ground of this action, and it must appear from the evidence. It is incumbent on the plaintiff to prove want of probable cause. Malice may be inferred from want of probable cause, but the converse is not true; want of probable cause is never inferred from malice." Israel v. Brooks, 23 Ill. 577; Hand v. Shaw, 26 Ill. 356. It is therefore immaterial what may have been the object or intent of the defendant. He may have had an honest desire to see the law vindicated and the criminal punished, or he may have been influenced by the most unfriendly and corrupt motives, it would not prove, or tend to prove, a want of probable cause. The latter part of this instruction is equally objectionable. After a very careful examination of all the record, we have been unable to find any evidence upon which to base that part of the instruction. Instructions should be based on the evidence. Hamilton v. Hunt, 14 Ill. 473; Hamilton v. Sing. Mfg. Co., 54 Ill. 307; Piner v. Cover, 55 Ill. 391. In a case like the one now under consideration,

sounding somewhat, at least, in speculative damages, the jury may have been, and probably were, misled by this instruction. Special objections were made by counsel for appellant, to the second, seventh and eighth instructions, the two latter because they state the rule of law too broadly, and because there is not sufficient evidence upon which to base them; and while they may be in some respects, erroneous, we are not prepared to say that we would reverse the judgment of the circuit court because of any defect in either of said instructions. Because of the giving of the sixth instruction, the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

BAKER, P. J., having heard the case in the court below, did not participate in the hearing in this court.