## NORTHERN LINE PACKET COMPANY

*v.*

## ALFRED A. BINNINGER.

1. REMOVAL OF CAUSE FROM STATE TO UNITED STATES COURT. A petition by a corporation for the removal of a cause from a State to a United States court, under the act of Congress of July 27, 1868, should state that the defendant is a corporation organized under a law of the United States, or that there is a defense arising under the constitution of the United States, or some treaty or law of the United States.

2. To entitle a defendant corporation to have a cause removed from a State court to the circuit court of the United States, under the act of Congress of March 2, 1867, the petition should show that all the corporators are non-residents of the State.

3. WITNESS—*impeachment—by contradictory statements.* When a written statement, made by a witness, which is materially different from his testimony about the same subject matter, is shown to him on cross-examination, and an opportunity thus afforded for explanation of the discrepancies, it is proper to let the paper be read in evidence, as a contradictory statement, for the purpose of impeachment.

4. NEGLIGENCE. The question of negligence is one of fact, which must be left to the jury for determination.

5. INSTRUCTIONS—*modification.* Where, in the modification of an instruction, the court but repeats at the end what is said in the body of it, it is not admissible for the party asking the instruction to assign such modification for error.

6. SAME—*considered as a series.* In an action by a passenger against a steamboat company for damages, claimed to have been caused by the negligence of the company, an instruction that, before the jury can find the defendants guilty, they must believe, from the evidence, that the defendant was guilty of greater negligence than the plaintiff, when taken by itself is calculated to mislead the jury.

7. But if other instructions are given on the same side, stating clearly what acts of negligence on the part of the plaintiff will prevent his recovery, so that the jury can, from a consideration of the entire series, obtain a correct apprehension of the law applicable to the case, the misleading feature of such instruction will be thereby corrected.'

8. DAMAGES—*whether excessive.* Where the plaintiff had both the bones of the lower part of his right leg broken, by reason of the negligence of the defendant, and was for several months wholly incapacitated from labor, was subjected to considerable expense, and his injury is permanent, $2500 is not outrageously excessive damages.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. M. Y. JOHNSON, for the appellant.

Messrs. D. & T. J. SHEEAN, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is an action on the case, by appellee against appellant, for injuries received by appellee in consequence of appellant's negligence. Trial was had in the Jo Daviess circuit court, on the 21st of November, 1872, resulting in a verdict for the plaintiff, and assessing his damages at $3000. The plaintiff refusing to remit any of this amount, the court granted a new trial, on the defendant's motion; and a second trial of the cause was had in the same court on the 25th of February, 1873. On this trial the jury found for the plaintiff, and assessed his damages at $2500. Motion for new trial was again made by the defendant, but it was overruled by the court, and judgment was rendered upon the verdict of the jury, and this appeal is now prosecuted to procure a reversal of that judgment.

After the first, and before the second trial, defendant presented its petition, verified by affidavit, to the court, praying that the cause be removed for trial to the Circuit Court of the United States, for the Northern district of Illinois. The court overruled the motion, and the defendant, having excepted, insists that such ruling was error, for which the judgment below should be reversed.

In our opinion, the court below properly refused to remove the cause, on the petition filed. If, as seems to be claimed, the right of removal is predicated upon the act of Congress of July 27, 1868, it is a sufficient answer that the petition fails to show that the defendant is a "corporation organized under a law of the United States," or that it has "a defense arising under or by virtue of the constitution of the United States, or any treaty or law of the United States," as is required by that act. If, however, it is predicated upon the act of March 2, 1867, then, as the petition shows that some of the corporators are citizens of the State of Illinois, it was insufficient for that reason, for, in order to authorize the removal of the cause under that section, it should appear that all the corporators are non-residents of the State of Illinois. Case of *The Sewing Machine Companies*, 18 Wallace, 353.

On the cross-examination of D. C. Smith, captain of the defendant's boat, he was shown a written statement, purporting to have been made by himself, concerning the circumstances transpiring at the time plaintiff received the alleged injury. The statement is, in some respects, materially different from the version of the transaction given by the witness in his evidence. In response to a question propounded to him, the witness answered "that the statement was written by him the next spring after the accident. It was a general statement as to the accident, made at the request of the officers of the company. Did not go into particulars. It was not made until there was talk of a suit."

This statement was read in evidence by the plaintiff against the defendant's objection, to which exception was taken; and

it is argued that the court erred in admitting the evidence, because a proper foundation was not laid.

The objection is not tenable.   The paper having been shown to the witness, and he, having admitted he wrote it, and explained his purpose in so doing, had his attention sufficiently called to the subject, and if the explanation given was not satisfactory, defendant was at liberty to have further examined him in this respect.   This was neither done nor asked. The paper was competent evidence to go to the jury, as a contradictory statement made before the trial, by the witness, for the purpose of impeachment.   1 Greenleaf on Evidence, secs. 463, 465, and 467.

It is insisted that the court below erred in modifying the first of the defendant's instructions.   The instruction, as asked, was as follows :

"In an action against a steamboat company, to recover damages resulting to the plaintiff, by reasons of injuries received by him in jumping from the defendant's boat, the plaintiff, being a passenger thereon, was bound to exercise ordinary prudence, and, before the jury can find the defendant guilty, *they must believe, from the evidence, that the steamboat company was guilty of greater negligence than the plaintiff*, and if the jury believe, from the evidence, that the plaintiff was guilty of negligence, or failed to exercise his judgment in jumping from the boat, so that a man of ordinary prudence, similarly situated, would not have made the leap, then the plaintiff is guilty of contributory negligence, and can not recover."

The court modified it by adding : "Unless the jury believe, from the evidence, that the defendant was guilty of greater negligence than the plaintiff."

The objection urged to the modification is, that it "misled the jury by a comparison of negligence."

It was held in *The Galena and Chicago Union Railroad Co.* v. *Dill*, 22 Ill. 264, that the question of negligence is one of fact,

which must be left to the jury for determination ; that it depended to a great extent upon the surrounding circumstances of each case, and unless there were gross acts of carelessness, or a failure to observe some positive legal requirement, the court could not adopt any rule on the subject ; that the jury must necessarily consider the relative situations of the parties, and all the attendant circumstances, and determine whether there has been negligence or whether the occurrence was purely accidental and without fault of either party. And this precise language was used again in *I. and St. L. R. R. Co.* v. *Stables*, 62 Ill. 316, and may now be regarded as the settled law of this court. The modification but repeats, at the end of the instruction, what is said in the body of the instruction as asked. It was there said, that to find the defendant guilty "the jury must believe, from the evidence, that the steamboat company was guilty of greater negligence than the plaintiff." This as completely authorizes the jury to infer that if they believe, from the evidence, that the defendant was guilty of greater negligence than the plaintiff, they should find the defendant guilty, as does the modification added by the court.

The instruction, both as asked and as modified, taken by itself, would have been calculated to mislead the jury. The rule announced by this court, for many years, is, that where the plaintiff is guilty of negligence, to entitle him to recover, it must be slight and that of the defendant gross, when compared with each other. But it is not perceived that this instruction was any more objectionable by repeating, at the conclusion, the inaccurate language previously adopted by the defendant's attorney ; and it is not admissible that a party shall be allowed to assign for error that which he has himself requested the court to do. *Clemson et al.* v. *State Bank of Illinois*, 1 Scammon, 45.

But, waiving this, the misleading feature in this instruction, as given, is such that it may have been corrected by subsequent instructions. It is strictly true that the plaintiff can

not recover unless the defendant has been guilty of greater negligence than he has, and it is only from the implication arising from the omission to state how much greater the defendant's negligence should be, that it is calculated to mislead. Other instructions on the same side, therefore, stating what acts of negligence on the part of the plaintiff would preclude his recovery, especially if their clearness and force is not impaired by counter instructions on the opposite side, would necessarily supplement this instruction, so that the jury, from a consideration of the entire series of instructions, would obtain a reasonably correct apprehension of the law applicable to the case.

It does not appear, from the record before us, that any instructions were given on behalf of the plaintiff; so we must assume that the law, as given to the jury, is all embodied in the instruction just noticed, and the others given at the instance of the defendant.

The court gave the following instructions to the jury, as asked by the defendant:

"3d.    In an action to recover damages for an injury sustained by the plaintiff, against the defendant, for negligence, the injury complained of must have been occasioned by the negligence or carelessness of the defendant; and if the jury believe, from the evidence, there was shore ice, making it difficult to land the boat at said landing, and that the plaintiff insisted on being landed there, and that the landing was made at the usual and proper place for landing boats at that landing, and in making said landing, and putting out the staging, it was done in the ordinary and safe way of landing passengers at way landings; and if the jury further believe, from the evidence, that the landing was covered with snow, so as to conceal some hard or uneven substance not known to the defendant, and the plaintiff, in jumping from the staging, struck said substance on the ground, so concealed, and thereby produced the injury complained of, this is not such

negligence on the part of said defendant as would entitle him to recover.

"4th.   In an action to recover damages for injury sustained by the plaintiff, against the defendant, for negligence, the injury complained of must have been occasioned by the negligence or carelessness of the defendant; and if the jury believe, from the evidence, the injury complained of was occasioned by the plaintiff, on leaving the defendant's boat, in jumping ashore, and in striking some hard or uneven substance concealed under the snow on the wharf or landing, and thereby produced the injury ; and if the jury further believe, from the evidence, that from the shore ice or other causes it was difficult to land said boat at said landing, and that the plaintiff, from his long employment and familiarity with the manner of landing boats and putting off passengers at way landings, insisted on being landed there, and if it was done in the ordinary and safe way of landing passengers at the usual and proper place of landing passengers there, and the injury complained of was occasioned by the plaintiff jumping from the staging ashore, and striking upon some hard or uneven substance concealed in the snow, not placed or known to be there by the defendant, this is not such negligence on the part of the defendant as will entitle the plaintiff to recover against them.

"5th.   In an action to recover damages for an injury sustained by plaintiff, against the defendant, for negligence, the injury complained of must have been occasioned by the negligence or carelessness of the defendant ; and if the jury believe, from the evidence, that the injury complained of was occasioned by the plaintiff, on leaving defendant's boat, in jumping ashore and striking some hard substance concealed under the snow on the wharf or landing, and thereby produced the injury, and that said hard or uneven substance occasioning the injury was not placed there or known to the defendant, and that the landing was made at the usual place of landing passengers, then this is not such negligence, on the

37—70TH ILL.

part of defendant, as will entitle the plaintiff to recover against them. That the negligence or carelessness contemplated by the law to render the defendant liable for the injury complained of, must be a want of care and vigilance on the part of the employees of the defendant, and they can not be held liable for accidents occurring, by which an injury is sustained by a person, from causes not under their control or care. 49 Ill. 234.

"6th. The court further instructs the jury, if the jury believe, from the evidence, that even if the jury should believe, from the evidence, that the captain of the boat told the plaintiff to jump off the boat at the time he jumped off, that he could do so with safety, yet left it voluntary with the plaintiff to jump or not, then what the captain might have said at the time (if the jury believe, from the evidence, anything was said,) did not release the plaintiff from the duty of exercising reasonable judgment and caution as to whether it was safe to get off, or not; and if the jury believe, from the evidence, that, under all the circumstances existing at the time, a man of ordinary prudence, situated as plaintiff was, would not have jumped off, then the jury should find for defendant. 53 Ill. 513.

"7th. To entitle the plaintiff to recover from the defendant in this suit for the injury complained of, the jury must believe, from the evidence, that the injury complained of was occasioned by the want of attention, carelessness or negligence on the part of the servants of the defendant, and was not the result of an accident; and if the jury believe, from the evidence, that the boat was landed at the usual and proper landing there to land passengers, and was made in the usual safe and proper way at such landings, and that said injury sued for was occasioned without fault of defendant, by striking some hard substance on the shore, not placed there or known to be there by defendant, and so concealed as to be out of sight, notwithstanding said plaintiff's leg may have been broken, this is not such negligence on the part of said defend-

ant as will entitle the plaintiff to recover, and the jury should find for the defendant.

"8th.   To entitle the plaintiff to recover in this action, the defendant must have been guilty of greater negligence than the plaintiff in causing the injury ; and if the jury believe, from the evidence, that the plaintiff's conduct contributed as much to the injury as the defendant's, then he can not recover in this suit, and the jury will find for the defendant."

The substance of the second instruction, as asked by the defendant and refused by the court, is embodied in these ; and they also supply the omission in the first instruction. Taken as a series, we think the instructions presented the law as fully and favorably for the defendant, as was essential to the protection of its legal rights.   *Piner* v. *Cover*, 55 Ill. 391 ; *Durham* v. *Goodwin*, 54 id. 471 ; *Vanbuskirk* v. *Day*, 32 id. 260.

The evidence shows that the plaintiff, on the 19th of November, 1869, was a passenger on one of the defendant's boats from Davenport, Iowa, to Gordon's Landing, in this State, some six or seven miles west of Galena, he having paid for and procured the necessary ticket entitling him to be so carried.   When the boat arrived at Gordon's Landing it was dark, and there was some difficulty in approaching the shore, on account of ice ; but the evidence fails to satisfy us that the defendant's servants used reasonable and ordinary care to effect a proper landing of the boat.   Between the point where the boat was stopped and the shore, there appears to have been a thin crust of ice, and again between this and the shore there was running water.   A "stage plank" was launched by order of the captain of the boat, when it stopped, which reached only from the boat to the ice, the shore end of the plank resting on the ice.   The distance from the ice to the shore was some ten feet, and the water intervening was several feet deep.   Two passengers jumped in safety from the ice to the shore, but the plaintiff made the effort and failed, land-

ing in the water and striking a concealed stone with one of his feet, whereby both bones of the lower part of his right leg were broken off.

The evidence on behalf of the plaintiff tends to show that defendant's servants might, by the exercise of but little effort, have provided a convenient and safe means for the landing of the passengers ; that plaintiff at first refused to make the effort to land, objecting that he could not jump the required distance ; that one of the passengers was proceeding to place a "gang plank" from the end of the stage plank to the shore, so that plaintiff could walk across, when the captain ordered him to let it alone, and abruptly ordered the plaintiff to jump, so that he could be off with his boat for Dubuque.

The evidence on behalf of the defendant tends to contradict that of the plaintiff, but we are unable to say the jury erred in finding that the preponderance was with the plaintiff.

Entertaining, then, this view of the evidence, plaintiff's act in jumping can not be regarded as the result of his own judgment and volition, but rather the result of the wrongful conduct of the captain of the defendant's boat. There was, therefore, under the circumstances, such moral coercion as relieves plaintiff's conduct from the charge of that degree of negligence which would otherwise have precluded his right to recover.

We do not regard the damages assessed ($2500) as outrageously excessive. Plaintiff suffered severely and long. For several months he was wholly incapacitated from labor, and his injury is permanent, and must, through life, give him some trouble and inconvenience. He was subject to considerable expense, and has lost much time, and precisely what inconvenience he may hereafter suffer on account of this injury can not be conjectured.

There is no way by which the exact loss, in dollars and cents, sustained in consequence of such an injury, can be ascertained. Much discretion, in view of all the circumstances,

must necessarily be allowed to the jury in such cases; and, except where they have manifestly and grossly erred in this respect, we are not disposed to review their award.

The judgment is affirmed.

*Judgment affirmed.*