# THE CALUMET IRON AND STEEL COMPANY

## *v.*

# ROSE MARTIN, Admx.

*Filed at Ottawa November 14, 1885.*

1. NEGLIGENCE—*right of recovery—on the basis of ordinary care on the part of the plaintiff, and negligence on the part of the defendant—of the rule as to contributory and comparative negligence.* In an action to recover for the death of the plaintiff's intestate, alleged to have been occasioned by the negligence of the defendant, the jury were instructed in behalf of the plaintiff, substantially, that if the plaintiff's intestate was in the employ of the defendant company as fireman, and while in the discharge of his duty as such fireman, he, using ordinary care and prudence for his personal safety, was injured and killed by the explosion of a certain boiler in the possession and under the control of the defendant company, and the explosion of said boiler was caused by the negligence of the defendant company in allowing the same to be and remain out of repair, then the plaintiff was entitled to recover.

2. Objection was taken to this instruction by defendant, upon the ground that there was evidence in the record tending strongly to charge the intestate with contributory negligence,—yet the jury were told that if the intestate used ordinary care and prudence, the plaintiff could recover if the accident was due to the negligence of the company, instead of telling the jury that the plaintiff could recover only in the event that the negligence of the intestate was slight, and that of the defendant gross, in comparison with each other.

3. Or, as differently formulated by defendant's counsel, his contention was:—"It is now the settled law of this court that a man may exercise ordinary care, and yet be guilty of slight negligence. Therefore, consistently with the hypothesis of ordinary care and prudence on the part of deceased, contained in this instruction, slight negligence might be imputed to him. If so, there could be no recovery, unless the negligence of the company was gross in comparison with that of deceased, slight negligence not being inconsistent with ordinary care. To instruct the jury that if the deceased observed ordinary care, there might be a recovery if his death was due to the negligence of the company, is to say that if deceased was guilty of slight negligence, there might be a recovery if defendant was guilty of negligence. This, as will appear, is not the law. In such case there could be a recovery only if defendant was guilty of gross negligence."

4. But the instruction as given was held not to be obnoxious to the objection made. The error in the contention formulated as above, is in the assumption that the comparative relation of the negligence of the person

observing due,—*i. e.*, ordinary, — care for his personal safety, and of the negligence of the person causing him injury, is not that of slight and gross, within the rule announced in the *Jacobs case*, 20 Ill. 478, and followed in other cases.

5. Within the contemplation of that rule, where one has observed ordinary care with reference to the particular circumstances involved, for his personal safety, he has, even if slightly negligent, observed all the care the law requires of him; and where, having observed this care, he is injured by the negligence of another, that other has been guilty of the degree of negligence for which the law charges responsibility. The injured person could do no more to entitle himself to redress, and no higher degree of culpability is essential to the liability of the person causing the injury, and so the two degrees of negligence, if the person observing ordinary care has been at all negligent, when compared with each other, fall within the opposite extremes of negligence, legally considered.

6. The rule in this State is, that in order to recover for injuries from negligence it must be alleged and proved that the party injured was, at the time he was injured, observing due or ordinary care for his personal safety;— and that where a party, while observing due or ordinary care for his personal safety, is injured by the negligent acts of another, there may be a recovery on account of such negligent acts. Nor is it to be understood that the rule of comparative negligence changed or modified the general rule requiring that the injured party, in order to recover for the negligence causing his injury, must have observed due or ordinary care for his personal safety, and authorizing him to recover for such injuries where he has observed such care.

7. INSTRUCTION—*construed, as whether assuming there was negligence.* On the trial of an action on the case, by the personal representative of a deceased person, to recover damages for his death, resulting from negligence of defendant, the court instructed the jury, in substance, that if they believed, from the evidence, that plaintiff's intestate, being in defendant's employment as fireman, and while in the discharge of his duty as such, and while exercising ordinary care and prudence for his safety, was injured and killed by reason of the explosion of a boiler of defendant, as alleged in the declaration, and that the explosion of the boiler was caused by negligence of defendant in allowing one of the wheels which controlled one of the valves of such boiler to be and remain broken off, so that the valve could not be operated properly with safety, and allowing the same to be and remain in an unsafe and defective condition to be used and operated with safety, (if the same was so defective,) and that defendant had knowledge of such defective condition, (if the jury believe, from the evidence, that it was so defective,) or would, by the exercise of reasonable care and caution, have discovered such defective condition, then their verdict should be for the plaintiff, if he left a widow and children surviving him, and the former took out letters, etc., as alleged: *Held,* that the instruction was not liable to the objection that it assumed negligence in failing to put a new wheel upon the valve.

8. Same—*unnecessary modification—but not materially changing its sense.* Even if a modification of an instruction was not necessary, yet if the words inserted in the same by the modification do not materially change the obvious sense of the instruction as asked, and they but express what was before implied, there will be no error in making the modification.

9. Same—*direction as to limiting damages to ad damnum.* On the trial of an action to recover damages for negligence, causing the death of plaintiff's intestate, the court instructed the jury, for the plaintiff, that in assessing the damages they should not assess the same above the amount claimed in the declaration: *Held,* that while such an instruction was faulty and censurable, it would not justify a reversal, as it did not appear to have affected the verdict.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Messrs. Flower, Remy & Gregory, for the appellant:

If the fact of the valve being open was due to the negligence of the foreman, no recovery can be had. His negligence in performing his duties is one of the risks deceased took. *Railroad Co.* v. *May,* 108 Ill. 288; *Pease* v. *Railway Co.* 61 Wis. 163.

If machinery is defective, and an employe sue to recover damages for an injury due to the defect, he can not recover if he knew of the defect. *Missouri Furnace Co.* v. *Abend,* 107 Ill. 44; *Railway Co.* v. *Clark,* 108 id. 113.

If the valve was not closed by the deceased, then, even if the company was negligent in not supplying a new wheel, his negligence was gross, and that of the company was slight, and there can be no recovery. *Foster* v. *Railway Co.* 84 Ill. 164.

It is the settled law of this court that a man may exercise ordinary care and yet be guilty of slight negligence. In such case there can be no recovery unless the negligence of appellant was gross in comparison with that of the deceased. 2 Thompson on Negligence, sec. 15, p. 1168; *Railroad Co.* v. *Jacobs,* 20 Ill. 478; *Railroad Co.* v. *Johnson,* 103 id. 512.

CALUMET IRON AND STEEL CO. *v.* MARTIN.    361

Brief for the Appellee.    Opinion of the Court.

Messrs. MONROE & LEDDY, for the appellee:

Appellant was bound to use reasonable care and diligence to supply its employes with suitable and safe machinery and appliances, and to keep the same in a safe and proper condition.

Negligence by a representative of the master, arising in the form of improper orders and directions given about the work, and in the control of operatives, will render the master liable. *Railroad Co.* v. *May*, 108 Ill. 288; *Fanter* v. *Clark*, 15 Bradw. 470; *Lalor* v. *Railroad Co.* 52 Ill. 401; *Railroad Co.* v. *Jackson*, 55 id. 492.

When defective machinery is the proximate cause of the injury complained of, the fact that negligence of a co-servant contributed to the injury, does not defeat a recovery. Wood on Master and Servant, sec. 405; Wharton on Negligence, sec. 227; *Paulmeiser* v. *Railroad Co.* 34 N. J. 151; *Perry* v. *Ricketts*, 55 Ill. 234; *Railroad Co.* v. *Jackson*, id. 492; *Cayzer* v. *Taylor*, 10 Gray, 274.

In a case like the one at bar, it need not affirmatively appear, by direct evidence, that deceased did not have notice of the defective machinery, or was in the exercise of ordinary care, but the same may be inferred from the surrounding facts and circumstances. *Missouri Furnace Co.* v. *Abend*, 107 Ill. 44; *Railroad Co.* v. *Gregory*, 58 id. 278; *Railway Co.* v. *Clark*, 108 id. 113.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is an appeal from the judgment of the Appellate Court for the First District, affirming a judgment of the Superior Court of Cook county, in an action on the case, brought by appellee, against appellant.

Appellant operated iron and steel works at Cummings, in Cook county, and appellee's intestate, at the time of receiving the injuries whereof he died, was in its employ as a fireman.

His duties were to assist in keeping up the fires under the boilers, of which there were eighteen, constituting a battery, and in cleaning them. One-half of the boilers were cleaned each Sunday. They were connected with a steam-drum, which they supplied with steam, and from which steam was furnished to the engines. Boilers 1 and 2 were furnished with a connection direct with the steam-pumps, so that when the other boilers were not making steam, these two, or either of them, could be used to run the pumps. This connection communicated with the steam-drum, although there was a valve which shut off such communication, when closed. There was also, on each of boilers 1 and 2, a valve which shut off the access of steam to this connection for running the pumps. That valve was usually controlled by an eight-inch wheel, but this was broken off. The valve was opened and closed, after the wheel was broken off, by a pair of "pipe tongs." Under each mud-drum was an escape valve, through which the boilers were blown off. The valve controlled by the wheel which was broken off was not closed, but was thought to have been closed by Flaherty, the foreman. On Sunday morning, October 1, 1882, the foreman, Flaherty, ordered appellee's intestate and one Lee to clean out certain boilers which had been previously marked or chalked by Flaherty for that purpose. They were proceeding to obey the order, and while they were in the act of taking off the head of the mud-drum of boiler No. 1, an explosion occurred, seriously injuring them both. The intestate died in consequence, within a few hours. The cause of the explosion was the escape of steam through the valve controlled by the broken wheel. The valve under the mud-drum was found closed, after the explosion. The master mechanic of appellant was notified of the broken wheel a week or more before the explosion, but neglected to repair it until afterwards.

Three reasons are urged why, on the facts, there should be no recovery:

*First*—The proof is that the broken wheel in nowise contributed to the accident, because the valve could be managed just as well with tongs, and failure to close it was due to the negligence of Flaherty, a co-employe with deceased, or to inevitable accident.

*Second*—The wheel had been broken off for a week or over, was in plain sight when on, and its absence must have been perfectly apparent to deceased. He took the risk, therefore, in not objecting or refusing to work with it in that condition. If he was ignorant of this defect, it was for appellee to plead and prove that fact.

*Third*—It was contributory negligence of the grossest character for deceased to close the escape valve under the mud-drum, or to attempt to take off the mud-drum head, when the escape of steam through this valve warned him that he ran some risk in working on that boiler while there was yet steam in it.

There is, in our opinion, evidence in the record tending to support the opposite of each of these contentions, so that the questions were sufficiently before the jury for their determination, and we are therefore relieved, by the judgment of the Appellate Court, from giving them further consideration. *Chicago and Alton Railroad Co.* v. *May, Admx.* 108 Ill. 288; *Missouri Furnace Co.* v. *Abend,* 107 id. 44; *Peoria and Pekin Union Railway Co.* v. *Clayberg, Admr.* id. 644; *Chicago, Burlington and Quincy Railroad Co.* v. *Bell,* 112 id. 360.

As pertinent to the question presented by the third of these reasons, counsel for appellant asked the court to instruct the jury as expressed in his second instruction, not including what is printed in italics, but the court modified it by adding what is printed in italics, and in this form gave it to the jury, it then reading thus:

"Again, if you find, from the evidence, that the accident in question would not have occurred if the escape valve under the mud-drum had been open, *and that it ought to have been*

*open*, and that it was, in fact, *improperly* shut, either through the negligence of Flaherty, or of Martin or of Lee, and that this was the cause of the accident, then the plaintiff can not recover."

Counsel for appellant contend that the modifications of the court "were unnecessary and erroneous, directing the attention of the jury to misleading considerations of morals or propriety, apparently difficult for anybody to understand as applied to this case." Conceding that the modifications were not necessary, still it does not follow that making them was such error as would authorize a reversal. They but express what was before implied. There is no "consideration of morals" involved. A jury, we think, would understand by the words, "and that it ought to have been open," that the duty of the foreman, or the intestate and Lee, was to have seen that it was open; and the word "improperly," correctly applies to keeping a valve shut when duty required it to be kept open.

The first instruction given at the instance of appellee is as follows:

"The court instructs the jury that if they shall believe, from the evidence, that on or about October 1, 1882, the plaintiff's intestate, Patrick Martin, was in the employ of the defendant company as fireman, and that while in the discharge of his duty as such fireman, he was using ordinary care and prudence for his personal safety while he was so employed, and that he was injured and killed by reason of the explosion of a certain boiler in the possession of and under the control of the defendant company, as alleged in the declaration; and if the jury shall further believe, from the evidence, that the explosion of said boiler was caused by negligence of the defendant company in allowing one of the wheels which controlled one of the valves of said boiler to be and remain broken off, so that the valve could not be operated properly with safety, and allowing the same to be and remain

in an unsafe and defective condition to be used and operated with safety, (if the same was so defective,) and that the defendant company had actual knowledge of such defective condition, (if the jury believe, from the evidence, it was so defective,) or would, by the exercise of reasonable care and caution, have discovered such defective condition, then your verdict should be for the plaintiff, if he left a widow and children surviving him, as alleged in the declaration, and she took out letters of administration, as therein alleged."

Counsel for appellant contend this is erroneous, because, first, it assumes the defendant was guilty of actionable negligence in failing to put a new wheel upon the valve through which the steam escaped into the boiler; and secondly, the evidence in the record tends strongly to charge the intestate with contributory negligence,—yet the jury are told that if the intestate used ordinary care and prudence, the plaintiff can recover if the accident was due to the negligence of the company, instead of telling the jury that the plaintiff could recover only in the event that the negligence of the intestate was slight, and that of the defendant gross, in comparison with each other.    Neither contention is tenable.

*First*—Nothing that was contested upon the trial is assumed in the instruction.    The fact that "one of the wheels which controlled one of the valves of the boiler" that exploded, was, at the time of the explosion, and that for some time prior it had been, broken off, was admitted on the trial by both sides, and is conceded as a fact in the instructions asked and given at the instance of appellant.    Whether negligence in allowing that wheel to be and remain broken off caused the explosion, and whether appellant had actual knowledge of the fact of the wheel being broken off, or would, by the exercise of reasonable care and caution, have discovered such fact, are fairly left to be determined by the jury from the evidence.

*Second*—The ground of the second contention is thus stated by counsel:    "It is now the settled law of this court that a

man may exercise ordinary care, and yet be guilty of slight negligence. Therefore, consistently with the hypothesis of ordinary care and prudence on the part of deceased, contained in this instruction, slight negligence might be imputed to him. If so, there could be no recovery, unless the negligence of appellant was gross in comparison with that of deceased, slight negligence not being inconsistent with ordinary care. To instruct the jury that if the deceased observed ordinary care, there might be a recovery if his death was due to appellant's negligence, is to say that if deceased was guilty of slight negligence, there might be a recovery if defendant was guilty of negligence. This, as will appear, is not the law. In such case there could be a recovery only if defendant was guilty of gross negligence." Counsel are hardly in a position to raise this objection, for in their first instruction they induced the court to give the law to the jury in the identical language which they thus contend is erroneous. That instruction is as follows:

"The negligence alleged against the defendant by plaintiff is a failure to keep in safe condition, or repair properly, machinery. If you should find, from the evidence and under the instructions of the court, that the accident shown in evidence occurred through the fact that the wheel operating the valve was broken, and that this was the direct cause of the accident, and that the defendant's agent or agents whose duty it was to repair this wheel were guilty of negligence in failing promptly so to do, and that Martin, the deceased, was injured without negligence on his part, and while exercising due care, then it is true that the defendant would be liable; but, on the contrary, should you find, from the evidence, that the accident did not occur from the fact that the wheel was broken, but that the valve, by due care, might be closed by other appliances, and that it was not so closed, either through lack of due care on the part of Flaherty, or owing to a 'scale' or other mechanical obstruction in the valve, which causes.

would have the same effect had the wheel not been broken, then there can be no recovery here."

If the language was erroneous in one instruction it was erroneous in the other; but its mere repetition, it would seem clear, could not aggravate the error. The rule is reasonable, and recognized by previous decisions of this court, that a party can not assign for error a ruling made at his own instance. (*Northern Line Packet Co.* v. *Binninger*, 70 Ill. 571.) But in order that misapprehension may be avoided in the future, we shall waive this answer, and assume that the question discussed by counsel is properly before us for consideration.

The error in the contention formulated in the language of counsel, which we have quoted, is in the assumption that the comparative relation of the negligence of the person observing due—*i. e.*, ordinary,—care for his personal safety, and of the negligence of the person causing him injury, is not that of slight and gross, within the rule announced in the *Jacobs case*, 20 Ill. 478, and maintained in other cases governed by the ruling in that case. Within the contemplation of that rule, where one has observed ordinary care with reference to the particular circumstances involved, for his personal safety, he has, even if slightly negligent, observed all the care the law requires of him; and where, having observed this care, he is injured by the negligence of another, that other has been guilty of the degree of negligence for which the law charges responsibility. The injured person could do no more to entitle himself to redress, and no higher degree of culpability is essential to the liability of the person causing the injury, and so the two degrees of negligence, if the person observing ordinary care has been at all negligent, when compared with each other, fall within the opposite extremes of negligence, legally considered. Without attempting to demonstrate the entire accuracy of this, we content ourselves with showing that it is within the meaning of the court, as disclosed by

the opinions in the cases to which we have referred, and in other cases to which we shall hereafter refer.

From the earliest reported case in our Reports, where the question was passed upon, to the present time,—a period of more than thirty years,—the general rule has been declared, and recognized in opinions announced from time to time, that in order to recover for injuries from negligence it must be alleged and proved that the party injured was, at the time he was injured, observing due or ordinary care for his personal safety. *A. B. R. R. Co.* v. *Grimes*, 13 Ill. 585; *C. and M. R. R. Co.* v. *Patchin*, 16 id. 198; *Dyer* v. *Talcott*, id. 300; *G. and C. U. R. R. Co.* v. *Yarwood*, 17 id. 509; *C., B. and Q. R. R. Co.* v. *Dewey, Admr.* 26 id. 255; *C., B. and Q. R. R. Co.* v. *Hazzard*, id. 373; *I. C. R. R. Co.* v. *Simmons*, 38 id. 242; *C. and A. R. R. Co.* v. *Gretzner*, 46 id. 76; *I. C. R. R. Co.* v. *Weldon*, 52 id. 294; *I. C. R. R. Co.* v. *Schultz*, 64 id. 177; *C., B. and Q. R. R. Co.* v. *Van Patten*, id. 510; *C., B. and Q. R. R. Co.* v. *Lee*, 68 id. 579; *T., W. and W. Ry. Co.* v. *McGinnis*, 71 id. 346; *I. C. R. R. Co.* v. *Godfrey*, 71 id. 507; *I. C. R. R. Co.* v. *Hall*, 72 id. 222; *G. T. M. and T. Co.* v. *Hawkins*, id. 388; *C. and A. R. R. Co.* v. *Becker, Admr.* 76 id. 31; *T., W. and W. R. R. Co.* v. *Jones*, id. 315; *O. and M. R. R. Co.* v. *Stratton*, 78 id. 88; *C. and N. W. Ry. Co.* v. *Hatch*, 79 id. 137; *C., B. and Q. R. R. Co.* v. *Harwood*, 80 id. 88; *C., B. and Q. R. R. Co.* v. *Damerell et al.* 81 id. 450; *I. C. R. R. Co.* v. *Green*, id. 19; *Kepperly* v. *Ramsden*, 83 id. 354; *I. C. R. R. Co.* v. *Lutz*, 84 id. 598; *Ind. and St. L. R. R. Co.* v. *Evans*, 88 id. 63; *T., W. and W. Ry. Co.* v. *Grable*, id. 441; *C., B. and Q. R. R. Co.* v. *Harwood*, 90 id. 425; *Austin, Admx.* v. *C., R. I. and P. R. R. Co.* 91 id. 35; *C. and A. R. R. Co.* v. *Pennell*, 94 id. 448; *W. Ry. Co.* v. *Elliott*, 98 id. 481; *City of Joliet* v. *Seward*, 99 id. 267; *City of Bloomington* v. *Perdue*, id. 329; *Schmidt* v. *Sinnott*, 103 id. 160; *C. B. and Q. R. R. Co.* v. *Johnson, Admx.* id. 512; *City of Bloomington* v. *Chamberlain*, 104 id. 268; *City of Chicago* v. *Stearns*,

105 id. 554; *L. E. W. Ry. Co.* v. *Zoffinger*, 107 id. 199; *Mo. F. Co.* v. *Abend, Admr.* id. 44; *C., B. and Q. R. R. Co.* v. *Warner*, 108 id. 538; *C., B. and Q. R. R. Co.* v. *Avery*, 109 id. 314; *W., St. L. and P. Ry. Co.* v. *Wallace*, 110 id. 114; *Myers, Admx.* v. *I. and St. L. Ry. Co.* 113 id. 386.

The necessary implication, from the rulings in these cases, obviously is, that where a party, while observing due or ordinary care for his personal safety, is injured by the negligent acts of another, there may be a recovery on account of such negligent acts, and in some of the cases this is expressly ruled. Thus, in *I. C. R. R. Co.* v. *Schultz, supra,* the court said: "Ordinary diligence only was required of the plaintiff, to avoid the injury, and the liability of the company would then be fixed if it was guilty of negligence." In *I. C. R. R. Co.* v. *Godfrey, supra,* the court again said: "Where both parties are equally in the position of right, which they hold independent of the favor of each other, the plaintiff is only bound to show that the injury was produced by the negligence of the defendant, and that he exercised ordinary care or diligence in endeavoring to avoid it." And in *L. E. and W. Ry. Co.* v. *Zoffinger, supra,* it was said: "There is evidence tending to show plaintiff was struck by the cars being moved by defendant, at or on the crossing of Howard street; that the train was being run at an unusual rate of speed; that no bell was rung or whistle sounded; that there was no light on the forward car that struck plaintiff, and that plaintiff was observing due care for his safety." And by these facts, said the court, "a clear case is made in favor of plaintiff, where a recovery is fully justified." In *Schmidt* v. *Sinnott, supra,* the declaration alleged "proper care" on the part of the plaintiff and negligence on the part of the defendant, resulting in injury to the plaintiff. Under the plea of not guilty, it was held these allegations were put in issue, and a judgment for the plaintiff was sustained, the court holding that the allegation of "proper care" was equivalent to an allegation of "ordi-

nary care." And in *Meyers* v. *I. St. L. Ry. Co. supra*, which
was an action for negligence, resulting in the death of the
plaintiff's intestate, who was fatally injured while in the em-
ploy of the defendant as a section hand engaged in repairing
its track, the court said: "In order to recover for an injury
of this character, the person injured must exercise ordinary
care to avoid danger, and those in charge of the train must
be proven to have been negligent in the management of the
train."

It inevitably follows, from the rulings in the numerous cases
to which we have referred, that the court has not understood
that the rule of comparative negligence changed or modified
the general rule requiring that the injured party, in order to
recover for the negligence causing his injury, must have ob-
served due or ordinary care for his personal safety, and author-
izing him to recover for such injuries where he has observed
such care. And it will be quite apparent that it was not in-
tended by the judges who decided the *Jacobs case*, and the
earlier cases following the ruling in that case, that the rule of
comparative negligence, as then announced, was to have that
effect, by reference to those cases and to different expressions
of opinions by those judges. When the *Jacobs case* was decided,
Judges BREESE, CATON and WALKER were the members of the
court. The opinion in that case was prepared by Mr. Justice
BREESE. In that opinion he not only refers, without any ex-
pression of dissatisfaction, to *A. B. R. R. Co.* v. *Grimes*, 13
Ill. 585, but quotes the following from the opinion in that
case as a correct exposition of law: "Where both parties are
equally in the position of right, which they hold independent
of the favor of each other, the plaintiff is only bound to show
that the injury was produced by the negligence of the defend-
ant, and that he exercised ordinary care and diligence in
endeavoring to avoid it, or that by the exercise of ordinary
care he could not have avoided it." And, then, after quoting
from *Dyer* v. *Talcott, C. and M. R. R. Co.* v. *Patchin, G. and*

*C. U. R. R. Co.* v. *Fay, G. W. R. R. Co.* v. *Thompson, C. M. T. R. R. Co.* v. *Rockafellow, I. C. R. R. Co.* v. *Reedy, City of Chicago* v. *Reedy, Chicago* v. *Major*, previously decided by this court, the opinion proceeds: "The rulings of other courts, British and American, do not essentially differ from these, as will be perceived by reference to them as cited by the court. In addition to the cases cited, reference may, with propriety, be made to 2 Chipman, Vt. R. 128, 2 Pickering R. 621, 12 id. 177, 6 Cowen R. 180, 4 Mass. 422, 2 Taunton, 314,—all proceeding on the ground not only that the defendant was guilty of negligence, but that the plaintiff exercised ordinary care,—and throwing the *onus* in each aspect upon the plaintiff." After this, the opinion proceeds with an analysis of what are assumed to be the leading cases in England, and in several of the States of the Union, upon the question of contributory negligence, and, in concluding, uses this language: "It will be seen, from these cases, that the question of liability does not depend absolutely on the absence of all negligence on the part of the plaintiff, but upon the relative degree of care or want of care, as manifested by both parties, for all care or negligence is at best but relative, the absence of the highest possible degree of care showing the presence of some negligence, slight as it may be. The true doctrine, therefore, we think, is, that in proportion to the negligence of the defendant should be measured the degree of care required of the plaintiff,—that is to say, the more gross the negligence manifested by the defendant, the less degree of care will be required of the plaintiff to enable him to recover. Although these cases do not distinctly avow this doctrine in terms, there is a vein of it, very perceptible, running through very many of them, as, where there are faults on both sides, the plaintiff shall recover, his fault being to be measured by the defendant's negligence; the plaintiff need not be wholly without fault, as in *Raisin* v. *Mitchell*, and *Lynch* v. *Nurdin*. We say, then, that in this, as in all like cases, the degrees of negligence

must be measured and considered, and whenever it shall appear that the plaintiff's negligence is comparatively slight and that of the defendant gross, he shall not be deprived of his action."

Thus, it is seen no previous decision of this court was assumed to be overruled. No new doctrine was claimed to be announced, but the rule declared was, in effect, claimed to be sanctioned by the spirit and philosophy of the cases reviewed, though not strictly within their letter. Afterwards, in *C., B. and Q. R. R. Co.* v. *Hazzard, supra,* Mr. Justice BREESE, delivering the opinion of the court, at page 385 said: "We endeavored, in the case of the *G. and C. U. R. R. Co.* v. *Jacobs,* 20 Ill. 478, by a review of all the American and English cases relating to negligence, to lay down some rules by which it is to be adjudged. Among others, we there said, to maintain an action for negligence there must not only be fault on the part of the defendant, but ordinary care on the part of the plaintiff must be shown. Neither of these elements is found in this case." In *C., B. and Q. R. R. Co.* v. *Cauffman,* 28 Ill. 513, the opinion was by CATON, J., holding that if a party is guilty of negligence or the want of ordinary care, and allows stock to run in a highway near a railway crossing, he can not recover for injuries received by such stock. In *I. C. R. R. Co.* v. *Simmons,* 38 Ill. 242, Mr. Justice BREESE contended that a declaration in an action for injuries resulting from negligence, in which it was not averred that the plaintiff observed proper care, was bad on motion in arrest, but the majority of the court overruled him, holding that if it was error, it was cured by verdict. In *C. and A. R. R. Co.* v. *Gretzner,* 46 Ill. 75, the opinion of the court was by Mr. Justice BREESE. In that opinion, on page 83, after referring to the *Jacobs* and *Hazzard* cases, and to *Dewey's case,* he says: "These cases establish the doctrine of comparative negligence, and hold there must be fault on the part of the defendant, and no want of

ordinary care on the part of the plaintiff, and where there are faults on both sides, the plaintiff may, in some cases, recover,—as, where it appears his negligence is slight and that of the defendant gross." Again, in *C. and N. W. R. R. Co.* v. *Sweeney*, 52 Ill. 327, the opinion was also by Mr. Chief Justice BREESE, and in discussing the questions presented, referring to *Gretzner's case, supra*, he said: "In the case of *C. and A. R. R. Co.* v. *Gretzner*, the question of comparative negligence was again discussed, and it was said, to render a railroad company liable there must be fault on their part, and no want of ordinary care on the part of the plaintiff, and when both parties are in fault, the plaintiff may, in some cases, recover,—as, when it appears his negligence is slight and that of the defendant gross." In *C., B. and Q. R. R. Co.* v. *Dewey, Admr. supra*, WALKER, J., in delivering the opinion of the court, said: "Each party must employ all reasonable means to foresee and prevent injury." And again: "Whilst the party upon whom the injury is inflicted must use all reasonable care, he is not held to the highest degree of precaution of which the human mind is capable; nor to recover need he be wholly free from negligence, if the other party has been culpable." In *C. and A. R. R. Co.* v. *Pondrom*, 51 Ill. at page 337, the same judge, in delivering the opinion of the court, alluding to the doctrines of comparative negligence, and that held by other courts, said the difference was more apparent than real. Again, in *C. and N. W. Ry. Co.* v. *Ryan*, 70 Ill. at page 213, Mr. Justice WALKER, in delivering the opinion of the court, among other things said: "It is undoubtedly the duty of all persons who undertake to cross a railroad track, to act with caution and prudence, because it is apparent that such crossings are always more or less dangerous. This being the case, those who desire to cross must use every reasonable precaution to avoid an accident, and if they fail to do this, no recovery can be had for an injury which might have been averted by the exercise of ordinary care."

And again, in *T., W. and W. Ry. Co.* v. *McGinnis*, 71 Ill. *supra*, at page 347, Mr. Justice WALKER, in delivering the opinion of the court, after stating that the rule of comparative negligence is the settled law of this court, added: "The rule is, no doubt, a modification of the language of the earlier decisions of this court, although not in fact a material modification of the common law principle. Where courts state the rule differently, they hold where the negligence of a plaintiff is slight and that of the defendant gross, that plaintiff's negligence did not contribute materially to the injury."

The position contended for by appellant is, in substance, that where one party is injured by the negligence of another, in order to recover therefor the party injured must prove that he exercised more than ordinary care,—that is to say, the highest degree of care. This has no sanction in any authority of which we are aware. Expressions may be found in opinions in a few cases to which we have made no reference, not in entire harmony with what we have quoted from opinions *supra*. These expressions occur, in the main, in the argument of the opinion, and we do not now recall any case in which they actually controlled the decision of the case. They are, however, in any view, exceptional, and inaccurate as expressions of the law, and to be considered as overruled.

There was, therefore, no error in the instruction as given. If either party had felt it to be necessary to have gone further, and explained to the jury that ordinary care does not exclude the idea of all negligence, however slight, but that the plaintiff was entitled to recover, notwithstanding the intestate might have been slightly negligent, provided the defendant was guilty of negligence which, in comparison with it, was gross, the court should have been requested to so instruct the jury. Such an instruction might, without impropriety, have been given. It was not indispensable.

The only remaining ground urged for reversing the judgment below is, that the jury were instructed that in assessing

the plaintiff's damages they should not assess the same above the amount claimed in the *ad damnum* of the declaration. It does not appear, from the amount of the verdict or otherwise, that this instruction affected the action of the jury. While it is certainly censurable, it will not justify a reversal of the judgment. *C., B. and Q. R. R. Co.* v. *Payne, Admr.* 59 Ill. 534; *I. and St. L. R. R. Co.* v. *Estes,* 96 id. 470.

The judgment is affirmed.

*Judgment affirmed.*