# CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY

## v.

## F. AUGUSTUS KUSTER.

*Railroads—Collision at Highway Crossing—Action for Damages—Negligence—Instructions—Questions for Jury—Prejudice of Juror—Improper Remarks by Counsel.*

1. It is proper for the trial court to refuse to give instructions which contain nothing but what is found in others given at the instance of the same party.

2. In an action against a railroad company to recover damages resulting from a collision at a highway crossing, it is *held*: That certain instructions asked, touching the question of negligence and calling the attention of the jury to a particular portion of the evidence, were properly refused; that the questions whether the servants of the defendant rang the bell or sounded the whistle, and whether the son of the plaintiff, who drove his team, exercised ordinary and reasonable care, were for the jury; that the finding of the court upon the motion for a new trial that one of the jurors was not examined by counsel for defendant touching his prejudice against railroad companies. was not clearly against the evidence; that, while certain remarks made to the jury by counsel for the plaintiff were improper, they do not constitute sufficient ground for reversal.

3. The care required by the driver of a team upon a highway in approaching a railroad crossing, is such care as a reasonably prudent person would exercise under like circumstances. Slight negligence is not inconsistent with ordinary care.

[Opinion filed January 8, 1887.]

APPEAL from the Circuit Court of Henry County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. H. BIGELOW and C. K. LADD, for appellant.

The only ground for recovery set forth in plaintiff's declaration is the omission of the servants of appellant to ring the bell or sound the whistle as required by statute, and plaintiff's entire case rests upon this supposed fact and nothing else, and it was tried and strongly argued to the jury upon the theory that, if the bell was not rung or the whistle sounded, plaintiff

was entitled to recover, no matter how negligent the person in charge of the team may have been. This is not the law, and appellant was not even liable, *prima facie*, for omitting the signals. G. & C. U. R. R. Co. v. Looms, 13 Ill. 548; C. & R. I. R. R. Co. v. McKean, 40 Ill. 218; P., D. & E. Ry. Co. v. Foltz, 13 Ill. App. 535.

Omission to signal at crossings renders a railroad company liable for injuries that *would have been prevented by signal*, and those only. I. C. R. R. Co. v. Phelps, 29 Ill. 447.

Mr. C. C. Wilson, for appellee.

The refusal of the court to give a proper instruction can not be assigned for error where the court gives others, embracing the correct principle of law involved in the refused instructions. Bland v. People, 3 Scam. 366; Alliance Ins. Co. v. McKnight, 97 Ill. 80; City of Chicago v. Smith, 48 Ill. 107.

The negligence of the engineer was gross, and even if the appellee's children were guilty of slight negligence (which we do not admit), still he has a right to recover in the case. O. & M. Ry. Co. v. Porter, 92 Ill. 437; C., B. & Q. R. R. Co. v. Avery, 8 Ill. App. 133.

The question of negligence is purely a question of fact for the jury, and when there is a conflict of testimony, and the Judge who tried the case is satisfied with the verdict, an Appellate Court will rarely, if ever, interfere. C. & A. R. R. Co. v. Robinson, 8 Ill. App. 140; Ewing v. C. & A. R. R. Co., 72 Ill. 25; Clark v. Day, 93 Ill. 480; Edgmon v. Ashelby, 76 Ill. 161; Knisely v. Sampson, 100 Ill. 573.

Where the testimony is conflicting, the Appellate Court will not interfere with the finding of the jury merely because it would be satisfied if the verdict had been for the other party. McClelland v. Mitchel, 82 Ill. 35; West Chicago A. W. v. Sheer, 8 Ill. App. 367.

Baker, P. J. This is an action on the case against appellant for negligently killing one of the horses of appellee and injuring another of his horses and his buggy at a public high-

way crossing. The verdict and judgment were for appellee for $285 damages.

It is urged that it was error in the Circuit Court to refuse to give to the jury the first, fourth and sixth instructions asked by appellant. It sufficiently disposes of this objection to say that all the law of the case was embraced in the eleven lengthy and elaborate instructions that were given at its instance and request, and that every proposition contained in those refused, that was proper to be stated, was fully embodied in those given. In addition to this, the instructions themselves were faulty, and for that reason properly overruled. The care that the law required the son and servant of appellee should use in approaching the railroad crossing, was all the care and caution that a reasonably prudent person would have exercised under the circumstances, and that degree of care was in express terms required to be established by appellee, as a condition precedent to recovery by the second, third, and numerous other instructions that were allowed to go to the jury. But the first instruction, as it was asked, would have imposed upon him the burden of showing his son was absolutely free from any fault whatever and not even guilty of the very slightest negligence, although the jury might have believed from the evidence the negligence of appellant was gross. Slight negligence is not inconsistent with the exercise of ordinary care. C., B. & Q. R. R. Co. v. Johnson, 103 Ill. 512; Calumet Iron and Steel Co. v. Martin, 115 Ill. 358; City of Galesburg v. Benedict, *ante*, p. 111.

The fourth instruction improperly told the jury that certain matters of fact therein stated were, as a matter of law, negligence; it was for the jury to determine from all the evidence, as a question of fact, whether the son of appellee was guilty of negligence. The instruction also ignored the elements of care or negligence on the part of appellant, and cut off the right of recovery without regard to what its negligence may have been.

The sixth instruction was vicious in that it called the special attention of the jury to a particular portion of the testimony and to the statements of a single witness, ignoring other portions of the testimony on the same point, and virtually excluding the statement of other witnesses in reference thereto.

There is no error in the rulings of the court upon the instructions.

The negligence alleged in the declaration is the failure of the servants of appellant in charge of the locomotive and train to either ring the bell or sound the whistle at the public highway crossing in conformity with the mandate of the statute. The important questions of fact in the controversy are, whether there was such failure to ring the bell or sound the whistle and whether the son of appellee, in charge of his team, exercised ordinary and reasonable care. The evidence upon both these questions is conflicting. The jury are made by law the judges of the facts and of the weight of the testimony and the credibility of the witnesses, and the case shown by the record is of that character that does not call for an interference with their findings.

Upon the motion for a new trial it was specified as one of the grounds therefor, that "Sumner Paul, one of the jurors, was prejudiced against the defendant and concealed such prejudice upon examination." While the affidavits filed upon the hearing of the motion show no special ill will toward the appellant corporation, yet they do indicate that the juror is "prejudiced against railroads in general." Paul stated in his affidavit "that his prejudice did not influence his verdict." Four affidavits were introduced tending to prove that Paul, when he was examined touching his competency to sit as a juror in the case, stated that he had no prejudice against railroads, and seven affidavits were introduced tending to prove the contrary. The court overruled the motion for a new trial and presumably found from the affidavits that Paul was not examined by the attorneys for appellant at the time of his acceptance as a juror, touching his bias or prejudice against railroad companies. It can not be said such finding of the court was clearly against the evidence. The conclusion follows that the ground specified as above for a new trial was not, and is not established.

In the argument of the case to the jury, the attorney for appellee said that appellant was the greatest monopoly in the State of Illinois, and also made some very improper and repre-

hensible remarks in respect to instructions from the court. Exceptions were taken to those statements, and the court instructed the jury they were bound by the instructions of the court as to the law of the case, and that, if any statements of what is law had been made by counsel that were contrary to the instructions of the court it was their duty to entirely disregard all such statements in deliberating upon their verdict, and base their verdict entirely upon the evidence and the instructions given by the court as to the law. Upon the whole matter of these ill-advised remarks of counsel, probably made in the heat of debate, we find no sufficient cause, in the absence of other error, for disturbing the verdict of the jury.

The judgment of the Circuit Court is affirmed.

*Affirmed.*