## QUINCY HORSE RAILWAY & CARRYING CO.
### v.
## EDWARD F. GRUSE.

*Personal Injury to Boy—Instructions—Comparative Negligence.*

In an action to recover damages for a personal injury, it is error to instruct the jury that the plaintiff may recover, although he did not exercise all such care and caution for his own safety as might have been expected, under the circumstances, from one of his age and experience.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of Adams County; the Hon. WM. MARSH, Judge, presiding.

Mr. WM. McFADON, for appellant.

Messrs. DAVIS & BABCOCK, for appellee.

CONGER, P. J.  On the evening of June 13, 1884, just before or about dusk, appellee, Edward F. Gruse, a boy about six years and nine months old, was playing near a watering trough standing at the edge of the sidewalk in front of his father's store.  With his hand he spurted water from the iron pipe,

which conveyed the water into the trough upon two young women standing near, when one of the latter started toward him stamping her feet and clapping her hands.

The boy, frightened by the actions of the young woman, ran out into the street in a southeasterly direction with his head turned back and his eyes fixed upon the young woman.

He ran some twenty-five or thirty feet immediately in front of a street car of appellant's which was going south and drawn by a span of mules.

The mules spread apart and the car passed partly over the boy, causing the injury for which this action was brought. A trial by jury resulted in a verdict for appellee for $4,133.33⅓ upon which judgment was rendered and appellant brings the record here for review.

A great deal of evidence is contained in the record in reference to the exact manner in which the injury was inflicted which we shall not notice, for the reason that we feel constrained to reverse the judgment of the court below for the error contained in appellee's fourth instruction. It is as follows:

" The court instructs the jury that even though they may believe from the evidence that the plaintiff did not, at the time of the injury complained of, exercise all such care and caution for his own safety as might have been expected, under the circumstances, from one of his age and intelligence, still, if they believe from the evidence that the plaintiff's negligence was slight and that of the defendant's driver was gross as com-pared with the negligence of the plaintiff, and that the driver was at the time in the line of his employment by the defend-ant, and that the plaintiff was injured by such negligence of the driver, in manner and form as charged in the declaration, they should find a verdict for the plaintiff."

The doctrine of comparative negligence, as held by the Supreme Court, is well expressed in C., B. & Q. v. Lee, 68 Ill. 850: "It is an essential element to the right of action in all cases, the plaintiff, or party injured, must himself exercise ordinary care, such as a reasonably prudent person will always adopt for the security of his person or property. There are

and there can be no degrees of gross negligence. The cases all go to the length of holding, when a party has been injured for the want of ordinary care, no action will lie unless the injury is wilfully inflicted." C., B. & Q. R. R. Co. v. Johnson, 103 Ill. 512, 521.

But while the plaintiff or party injured must always exercise ordinary care, this does not exclude the idea of all negligence, however slight, upon his part, for he may be entitled to recover notwithstanding he may be slightly negligent, provided the defendant is guilty of negligence which, in comparison with that of the plaintiff, was gross. Calumet I. & S. Co. v. Martin, 115 Ill. 358, 374.

The instruction in this case tells the jury that there might be a recovery although appellee did not exercise all such care and caution for his own safety as might have been expected, under the circumstances, from one of his age and intelligence.

This was precisely the care and caution that would be required of him. It would be the standard by which it could be determined whether he had exercised ordinary care or not.

The jury should have been told just the reverse of this instruction, i. e., that the plaintiff must have used ordinary care and caution for his own safety, and that ordinary care and caution would be such as might have been reasonably expected, under the circumstances, from one of his age and intelligence.

It is apparent, from an examination of this record, that this instruction presented the vital point in the case, and it seems quite clear that it must have prevented appellant from fairly presenting its case to the jury. The jury having been told by this instruction that the plaintiff would not be required to exercise even the care and caution that might reasonably be expected from a boy between six and seven years old, under the circumstances as presented by the evidence, would have no standard whatever for determining the degree of care that could properly be expected of him.

The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*