## Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. Eli W. Selsor.

1. MASTER AND SERVANT—*Duty of Master in Furnishing Machinery.* —The law only requires that an employer shall use reasonable diligence and care in providing machinery for his employes. It is error to instruct a jury that a railroad company owes a duty to its employes to do

all that human care, vigilance and foresight can do, consistently, with the practical operation of its road in providing safe and properly constructed engines, cars and machinery and to keep the same in repair.

2. INSTRUCTIONS—*Comparative Negligence and Ordinary Care.*—In an action for personal injuries it is error, in an instruction to the jury that if the plaintiff was guilty of some negligence it would not prevent his recovery if such negligence was slight as compared with the negligence of the defendant, and the negligence of the defendant was gross, to omit all reference to the doctrine that it was incumbent upon the plaintiff to exercise ordinary care for his own safety.

**Memorandum.**—Action for personal injuries. In the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Declaration in case; plea, not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed November 30, 1894.

APPELLANT'S BRIEF, GERE & PHILBRICK, ATTORNEYS; JOHN T. DYE AND F. Y. HAMILTON, OF COUNSEL.

The employer is not bound to furnish absolutely safe machinery. He is required only to use reasonable diligence in providing safe machinery. Simmons v. Railroad Company, 110 Ill. 340; Manufacturing Co. v. Ballou, 71 Ill. 421; Railroad Co. v. Smith, 18 Brad. 119; Penn. Co. v. Hankey, 93 Ill. 580; Railroad Co. v. Monroe, 85 Ill. 25; Shearman & Redfield on Negligence, Secs. 87 and 92.

APPELLEE'S BRIEF, J. E. POLLOCK AND A. J. BARR, ATTORNEYS.

Appellee cited the following authorities, showing the duty owed by a railroad company to its employes: C. & N. W. R. R. v. Swett, 45 Ill. 203; C. & N. W. R. R. v. Jackson, 55 Ill. 496; I. C. R. R. v. Welch, 52 Ill. 186; Perry v. Ricketts, 55 Ill. 186; U. S. R. S. Co. v. Wilder, 116 Ill. 100; P. C. & St. L. R. R. v. Thompson, 56 Ill. 138; C. & A. R. R. Co. v. Platt, 89 Ill. 141; T., P. & W. R. R. v. Conroy, 68 Ill. 560; L. E. & W. R. R. Co. v. Ingraham, 77 Ill. 309; Warner v. R. R. Co., 39 N. Y. 468; North Court v. Bachelder, 111 Mass. 322; Chapman v. R. R. Co., 55 N. Y. 579; R. R. Co. v. Flanagan, 77 Ill. 365.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The appellee, in the employ of the appellant company as a brakeman on one of its freight trains, while attempting to couple a freight car to the tender of an engine, had his left hand so crushed and mangled that it became necessary to amputate it. He instituted an action on the case to recover damages because of his injury, and was awarded a judgment in the sum of $5,000, to reverse which this case is before us by appeal.

The case upon the part of the appellee was that one of the iron truss rods by which the frame at the bottom of the tender was strengthened and held together was unnecessarily and negligently allowed to project so far beyond the frame that it would meet, and strike the " deadwood" or buffer of the freight car before the draw-bar of the tender and car could or would come together, and that his hand was caught between the end of this rod and the buffer of the car.

He placed his right of recovery upon the ground that the appellant company had not exercised the care and diligence required by law in providing the machinery and appliances which he, as its employe, was to use in the furtherance of its business, and that he received his injury because of its failure in this respect. It was therefore indispensable that the jury should have been advised as to the legal duty of a master who furnished machinery to be used by a servant.

It is well settled in this State, and so counsel for appellee concede in their brief, that the law only requires that the employer shall use reasonable diligence and care in providing machinery for an employe.

Yet the jury at their request were instructed by the court as follows: " The jury are instructed as a matter of law, that a railway company owes the duty to its employes to do all that human care, vigilance and foresight can do consistently with the practical operation of the road in providing safe and properly constructed engines, cars and machinery, and to keep the same in repair." No higher degree of care could be demanded than is exacted by this instruction.

Our Supreme Court have declared against it in principle in Webber Wagon Co. v. Kohl, 139 Ill. 657, and in Kerr v.

C. & A. R. R. Co., 148 Ill. 605, and many other cases. The case of T., P. & W. R. R. Co. v. Conroy, 68 Ill. 560, which, it is quite probable, led the Circuit Court to give the instruction, was expressly overruled in Kerr v. C. & A. R. R. Co., *supra.*

The master is not bound to provide absolutely safe machinery. It is sufficient if he has exercised ordinary and reasonable care and diligence in constructing or providing machinery safe and suitable for the use of those who are to work with or operate it. The jury were clearly misdirected. It is suggested by counsel for the appellee that this misdirection ought not to work a reversal if it appears to this court from the evidence that the machinery was not reasonably safe.

The evidence as to that was conflicting and presented an issue of fact for the jury under proper instructions.

Evidence produced in behalf of the appellant company tended to show that it was necessary that the truss rod in question should project some distance beyond the frame of the tender in order that it might be held securely in its place by a nut working in the threads of a screw cut for the purpose in the projecting end. It was also requisite that the wooden beam or plate of the frame through which the rod passed should be protected by a washer, as an iron nut should not be screwed down upon and allowed to rest directly against timber.

This made necessary a further protrusion of the rod to the extent of the thickness of the washer.

The evidence tended to show that in this respect the tender had been constructed in the ordinary mode and manner adopted by those engaged in the business of manufacturing such machinery and appliances and that the rod did not protrude unnecessarily. A number of witnesses produced in behalf of the appellee testified that they had measured the extension of the rod and of the deadwood or buffer of the car, and also the drawbar of the tender and that of the car.

This testimony tended to the conclusion that the drawbars

of the car projected so far beyond the buffer or "deadwood" of the car that the appellee's hand could not have been caught between the bolt and the "deadwood" unless the drawbars were first broken or forced in some way from their position. It is not claimed that the drawbars were defective or were broken, or that they gave way.

The evidence so produced by the appellant company, together with that in behalf of the appellee, made it incumbent upon the jury to determine whether the appellant company had failed in the performance of its legal duty in the matter of providing the tender and car and the appliances thereof to be used by the appellee as its servant.

They were advised by the instruction that they should require of the appellant company the exercise of a degree of care and diligence much higher than the law demanded.

It is manifest that the verdict may have been the result of this misdirection and that a different conclusion might have been arrived at had the jury known that only reasonable and ordinary diligence and care were required.

The jury were erroneously instructed in another respect. Instruction No. 2, given for the appellee, is as follows:

2. The court instructs the jury, even if you believe from the evidence that the plaintiff was guilty of some negligence in coupling the car and engine together, still this will not prevent the recovery in this case if you further believe from the evidence that the negligence of the plaintiff was slight as compared with the negligence of the defendant, and that the negligence of the defendant was gross.

The vice of this instruction is that it omits all reference to the well established doctrine that it was incumbent upon the plaintiff to exercise ordinary care for his own safety. From it the jury might well have understood that the plaintiff could recover, though his negligence was so great as to amount to a failure to use ordinary care, if it was but slight in comparison with the default of the appellant.

This is not the law. Calumet Iron & Steel Works v. Martin, 115 Ill. 358; Hawk v. C., B. & Q. R. R., 147 Ill. 399; C. C. & St. L. R. R. v. Braderly, 150 Ill. 328. A party can

not require another to respond in damages for an injury occasioned in part by his failure to exercise ordinary care unless the injury was inflicted willfully, or through negligence so gross and reckless as to amount to willfulness.

The judgment must be, and is, reversed, and the cause remanded.