CHICAGO & ALTON R. R. Co.

v.

SEBASTIAN FIETSAM, Adm'r, etc.

EVIDENCE—RES GESTÆ.—Where, in an action for the death of an engineer, one of the essential facts to be proved was that appellant's servants did not close a switch after opening it for the passage of a stock train, the statement of appellant's switchman that he had left the switch open, made half an hour after the train had passed over it, and when he had come back to the wreck and found the train off the track and the engineer dead, is inadmissible.

APPEAL from the City Court of East St. Louis; the Hon. WM. P. LAUNTZ, Judge, presiding. Opinion filed June 12, 1886.

Certain facts in this case and undisputed, are, that the Venice & Carondelet Railroad Company had a track extending from Venice, on the Mississippi river, in Madison county, Illinois, around the city of East St. Louis, to a point below said city, on said river opposite Carondelet, Mo. This track was a large switch, or belt railroad, crossing various roads running into East St. Louis, with a switch connecting with and running into the St. Louis National Stock Yards. The Illinois & St. Louis Railroad & Coal Company was operating this road, which was known as the "V. & C." and "The Belt." The Chicago & Alton and the Indianapolis & St. Louis Railroad Companies had the right to use this track in common with the V. & C. railroad trains between Venice and the National Stock Yards. Deceased was a locomotive engineer, working for the Illinois & St. Louis Coal Company, running a freight engine on this V. & C. track. About seven o'clock in the evening of the day in question he was running his engine, driving a train of twenty-nine loaded cars over said track approaching Venice. When he came to the stock yard switch, it had been left open, and the engine left the rail, went over the bank, overturned, and the engineer was killed. There

was no headlight on the engine. Caboose was ahead of engine. The engineer killed was the appellee's intestate. The really litigated fact in this case was whether the servants of the appellant, who had a short time previous to the accident connected the switch with the stock yards track and run in a stock train, had neglected to turn the switch back, thus connecting the rails with the main line, or left it open after passing in on the stock yards track. To establish the fact that appellant's switchman, one Snell, did not close the switch after the stock train had left the main track, the court below permitted the appellee to prove the statements of Snell and the engineer made after the injury, and after they had returned with their train to the scene of the wreck, showing that Snell had left the switch open, thereby causing the derailment of the "Belt Line" train and the death of Guess. To the admission of such statements of its servants, the appellant objected and excepted, and here assigns this ruling for error.

Messrs. WISE & DAVIS and Mr. L. H. HITE, for appellant; as to *res gestæ*, cited M. C. R. Co. v. Gougar, 55 Ill. 506; 1 Greenleaf on Ev., §§ 113, 114; Luby v. H. R. R. Co., 17 N. Y. 131; O. & M. R. R. Co. v. Porter, 92 Ill. 427 ; 2 Best on Law of Ev., 899 ; C. & N. W. Ry. Co. v. Fillmore, 57 Ill. 265 ; M. C. R. R. Co. v. Carrow, 73 Ill. 357 ; Ryan v. Gillmer, 2 Montana, 517 ; Adams v. H. & St. Jo. R. R. Co., 74 Mo. 333; Am. Steamship Co. v. Landreth, 102 Penn. 131.

Messrs. DE WOLF & CHAMBERS and Mr. M. MILLARD, for appellee; as to *res gestæ*, cited McComb v. N. C. R. R. Co., 70 N. C. 178 ; McLeod v. Ginther, 80 Ky. 399 ; Kirkstall Brewing Co. v. Furness Ry. Co., Law Reports 9, I. B. Cases, 468 ; Whittaker v. Eighth Ave. R. R. Co., 5 Robertson (N. Y.), 650 ; O. & M. Ry. Co. v. Porter, 92 Ill. 437 ; Travelers Ins. Co. v. Mosley, 8 Wall. 397 ; Hanover R. R. Co. v. Boyle, 55 Penn. St. 402 ; Lisson v. C. & T. R. R. Co., 14 Mich. 489 ; Bass v. C. & W. Ry. Co., 42 Wis. 654.

PILLSBURY, P. J. One of the essential facts charged in the

C. & A. R. R. Co. v. Fietsam.

declaration and necessary to be proved upon the trial, was that the appellant's servants did not close the stock yards switch after opening it for the passage of the stock train, from the main to the side track. This fact, like any other, should be established by competent evidence, either direct testimony, or the proof of other facts and circumstances from which the jury can properly infer the existence of the principal fact. This statement of the switchman that he had left the switch open was made from twenty minutes to one half hour after the train had passed over it, and when he had come back to the wreck and found the "Belt" train off the track and Guess dead. To make the admissions or statements of an agent or servant admissible against the principal or master, they must appear to have been so closely connected with the act done as to obviously become a part of it, thus in some degree characterizing or elucidating the nature of the act itself. They must be in the nature of original, and not merely hearsay evidence. Whether made before, at the time of, or after doing the act, the court exercising a wise, judicial discretion in ruling upon their admission in evidence, must be able to say that such statements are so clearly a part of the *res gestæ* as not to be the result of an afterthought, or to be a mere narrative of a past occurrence, otherwise it should exclude them. It might well be that expressions of a servant made before an injury occurs, indicating a knowledge upon his part of the danger about to be assumed by him and which results in the injury, may be given in evidence to charge the master with notice of the peril, where notice to him is necessary to be proven, but even in such case they should be confined to that purpose. This depends upon the rule that notice to the agent is notice to the principal; but after the injury had occurred, statements of the servant that he knew of the danger are not admissible to prove the character of the danger or to charge the master with notice, unless made at the time and under such circumstances as to make them a part of the transaction as stated above. Here it is sought to establish the only material fact upon which the responsibility of the appellant can rest—the leaving of the switch open by its servants, by the statements of the servants made some time after the act is claimed to

have been done, and after they had left the place, unloaded the train and returned. We are of the opinion that the statements should not have been admitted as they do not seem to be so closely connected with the principal fact as to make them admissible under the rule making the statements of third parties competent. The act had been completed and the parties had been attending to their other duties; they were detailing why the act was done and who did it, showing that it was but a narrative of a past occurrence and not a statement about matters then depending before them. This case falls within the ruling of C. & N. W. Ry. Co. v. Phillmore, 57 Ill. 266, and must be controlled by that case. Complaint is made that the court refused the fourth and fifth instructions asked by the appellant. An examination of the record shows that the fourth is almost identical with the second, which was given, and the fifth so nearly like the third, as to constitute no error in refusing it. As the case must be again tried we will not discuss the question of the negligence of the respective parties. For the reason stated the judgment will be reversed and the cause remanded.