## CHICAGO & ALTON RAILROAD COMPANY
### V.
## SEBASTIAN FIETSAM, ADMINISTRATOR.

*Railroads—Action for Damages for Causing a Death—Incompetent Testimony—Ruling Out—Time of—Offer of Evidence after it has been held Incompetent by this Court—Instructions—Comparative Negligence—Fellow-Servants—Practice.*

In an action against a railroad company to recover damages for causing the death of the plaintiff's intestate, it is *held*: That the defendant can not object to the admission of incompetent testimony called out by its own cross-examination of a witness for the plaintiff; that an objectionable answer could not have any greater weight with the jury because not ruled out unti. a later stage of the trial; that plaintiff's counsel did not exceed the limits of strict professional conduct in again offering evidence deemed competent by him, although declared incompetent by this court on a former appeal; that it is not indispensable to a right of recovery that the question of comparative negligence be submitted to the jury by the plaintiff; that in a proper case either party may ask the court to submit said question; that there was no error in giving and modifying instructions; that, if the defendant desired to raise the questions whether the plaintiff's intestate and the servants of appellant were fellow-servants, and whether the deceased came to his death through one of the ordinary perils of his service, it should have submitted them to the jury by proper instructions; and that they can not be raised here for the first time.

[Opinion filed September 10, 1887.]

APPEAL from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding.

Messrs. LUKE H. HITE and BROWN & KIRBY, for appellant.

The accident was the result of the gross negligence of engineer Guess and his comrades, and no recovery can be had.

Even if appellant's servants were negligent, "it was the duty of Guess to so drive the engine as not to imperil his own safety," and if he drove the engine at a negligent rate of speed, or in other respects negligently, which materially contributed to the injury, he could not recover. I. C. R. R. Co. v. Patterson, 69 Ill. 650.

C. & A. R. R. Co. v. Fietsam.

It is gross negligence to operate a locomotive engine after dark without a head-light. Burling v. I. C. R. R. Co., 85 Ill. 18.

Since Guess disobeyed the rules of the company and was not in the exercise of ordinary care, he could not recover. C., B. & Q. R. R. Co. v. Lee, 68 Ill. 576.

It is indispensable to the right of recovery that Guess should have exercised ordinary care. I. C. R. R. Co. v. Hetherington, 83 Ill. 510.

In cases where danger is to be reasonably apprehended, proof of positive or special care must be made to warrant a recovery. C., B. & Q. R. R. Co. v. Olson, 12 Ill. App. 245.

These faults, both of omission and commission, on the part of Guess, materially contributed to the injury, and in such case there can be no recovery. Abend v. T. H. & I. R. R. Co., 111 Ill. 202.

Mr. M. MILLARD, for appellee.

The negligence of defendant's servants was wanton. The act of leaving a switch open in the night time and going beyond signaling distance, by a lot of employes who were using another company's track, can only be regarded as sheer recklessness.

There is a natural presumption that every one will act with due care, and that negligence can not be imputed to a person because he does not anticipate the contrary and provide against the consequences. Thompson on Neg., p. 1172; Ernst v. Hud. R. R. Co., 35 N. Y. 9; Newton v. N. Y., etc., R. R. Co., 29 N. Y. 383; Cleveland, etc., R. R. Co. v. Terry, 8 Ohio St. 570; Reeves v. Del., etc., R. R. Co., 30 Pa. St. 459; Kellog v. Chicago, etc., R. R. Co., 26 Wis. 223; Darmour v. Lyons, 44 Iowa, 276; Frahn v. Sears, 12 Cal. 556; Moulton v. Aldrich, 28 Kan. 300; Langan v. St. Louis, etc., R. R. Co., 72 Mo. 392.

PILLSBURY, J. This case was before us at a former term of this court, when a judgment in favor of the appellee was reversed for the action of the court below in admitting evidence deemed by this court to be inadmissible to establish the fact alleged that the servants of appellant committed the act that caused the death of appellee's intestate.

Upon a new trial in the lower court the appellee again recovered and the defendant below again brings the case here for review upon appeal. The principal facts claimed to exist are stated in our former opinion reported in 19 Ill. App. 55, and it is not necessary to again repeat them.

We will briefly notice the points made by counsel for appellant, upon which they base their conclusion that the judgment should again be reversed. It is first objected that the court erred in admitting improper evidence.

From the record it appears that one Bailey, while testifying for the plaintiff, expressed his conclusion, not, however, asked for by the appellee, that an engine and crew of the appellant went into the stock yards switch for stock and intimated that they left the switch open, or left it wrong.

Upon cross-examination counsel for appellant asked him how he knew it was wrong, when the witness answered, "because they told me so," and therefore the court was asked to exclude the answer, which the court refused to do at the time, but subsequently did withdraw it from the consideration of the jury.

The appellee can not be held to be prejudiced by the action of counsel in thus asking the witness to disclose the source of his knowledge or information concerning the condition of the switch, and such answer could not have any greater weight with the jury because it was not ruled out by the court until at a later stage of trial. The court directed the jury to disregard it, and that was all he could do. We can not hold that a defendant can call out incompetent testimony from a witness favorable to a plaintiff, and then have a judgment reversed, when the court excludes it because it may, perchance, have influenced the jury in their finding. To do so would give a party an opportunity to demand a reversal for his own action in eliciting testimony which might prejudice his own cause.

It is next insisted that counsel for appellee made improper remarks in the presence of the jury.

This objection is based upon the fact that counsel offered to prove what Snell, the engineer, said about the switch being left open by his crew, testimony held by this court to be incom-

petent in its former decision. It must be remembered that this court is not the court of last resort, and when it reverses a judgment and remands the cause for a new trial, no appeal lies to the Supreme Court on behalf of appellee to correct any error of this court. Therefore, upon a new trial in the court below, the appellee in the cause in this court, if he desires to insist that error was committed by this court, must lay the proper foundation for assigning error in the Supreme Court upon the action of the Circuit Court in following our decision and opinion. This was all that was done in this case, and the court below, out of abundant caution, while sustaining the objection to the offered proof, told the jury that they must not consider any statements of counsel of what was offered to be proved, but must be governed by the testimony of witnesses alone.

Under the circumstances of this case, we do not think that counsel exceeded the limits of strictly professional conduct in the assertion of the rights of his client to offer evidence deemed to be competent by him.

The third and fourth objections urged question the action of the court in giving the instruction asked by appellee and in modifying the fifth asked by appellant, and may be considered together.

Appellee's instruction was as follows: "The jury are instructed, that if they believe from the evidence that Levi Guess was killed in the manner stated in the declaration, through the fault of the defendant's employes in negligently leaving the switch open, and was exercising due care himself at the time, or if the jury believe from the testimony that the said Levi Guess was guilty of slight negligence contributing to his death, and that the employes of the defendant were guilty of gross negligence contributing to the death of the said Levi Guess, but that the negligence of the said Guess was slight and that of the defendant's employes was gross, when compared with each other, the plaintiff is entitled to recover, and the verdict should be accordingly."

The first objection to this instruction is that it presents only a partial view of the case, as the appellant insists that Guess

came to his death through one of the ordinary perils of his service, and in not submitting whether Guess and the servants of appellant were fellow-servants. It is to be noticed that Guess was not an employe of the appellant, neither is the action against his master.

The appellant, *prima facie*, was a stranger to him, and if the appellant desired to raise the question suggested, it would seem that it should have submitted them to the consideration of the jury by proper instructions asked on its own behalf. No such course was pursued, but on the contrary, as appears from the record, the appellant was content to rest its defense upon the ground alone that Guess was guilty of such contributory negligence as to defeat the action. Again, it is said that the instruction assumes that the servants of the appellant negligently left the switch open. We do not so read the instruction.

The jury are required to find from the evidence that Guess was killed in the manner charged through the fault of defendant's employes in negligently leaving the switch open while he was in the exercise of due care at the time. The instruction leaves the jury free to find what the fact was.

It is also objected to the instruction that it allows the jury, in applying the doctrine of comparative negligence to the case, to find for the plaintiff, even if Guess was not in the exercise of ordinary care for his own safety at the time. This same objection is made to the modification of defendant's fifth instruction, in that it is made to conform to the principle of plaintiff's instruction in submitting the question of comparative negligence to the jury. Even if true, as suggested by counsel for appellant in argument, that it is much easier to criticise an instruction attempting to inform the jury what comparative negligence is, and in what state of the case the jury may apply it, than to draft one correctly embodying the doctrine, it must be admitted that since Jacobs' case in 20 Ill. 478, it has had a place in our jurisprudence, and is to-day a principle which is applied by the courts in determining the right of a plaintiff to recover for injuries caused by the negligence of a defendant, when the defendant insists upon and has

given evidence tending to prove that the negligence of the plaintiff also contributed to produce such injury.

Whatever may have been the apparent holding in former cases as to the necessity of instructing the jury upon this question, the rule as now held, appears to be that it is not indispensable to a right of recovery that the question of comparative negligence be submitted to the jury by the plaintiff, but, if the circumstances of the case are such that the doctrine can be applied to the case, either party may ask the court to inform the jury as to the rule and in what state of the evidence they may consider it in determining the right of the parties. Calumet Iron & Steel Co. v. Martin, 115 Ill. 358; C. & E. I. R. R. Co. v. O'Connor, 119 Ill. 586.

From these decisions it will be seen that a plaintiff may, if he desire, rely upon the doctrine of contributory negligence as applied in the courts of England and in most of the States of the Union; that is, that if the plaintiff has exercised ordinary care for his own safety, and the defendant has been guilty of negligence which primarily resulted in the injury to the plaintiff, he may recover, but if the evidence is such that it leads to the conclusion that the plaintiff was also somewhat negligent, then, if he desires, he may have the jury pass upon the degree of the negligence of the respective parties, and if they find that both parties have been negligent, then they are further told that they are to compare the negligence of the plaintiff with that of the defendant, and if, upon a full and fair consideration of all the evidence in the case, they find that the negligence of the plaintiff was but slight, and that of the defendant was gross, upon such comparison being made, then the plaintiff is not debarred from maintaining his action.

It is thus seen that two conditions may exist where negligence of the defendant is the basis of the action, either one of which, if found to be a fact by the jury, will support the action of the plaintiff.

These conditions are: First, when the plaintiff has exercised the degree of care required—in this case ordinary care—and the defendant has been negligent, which negligence has been the proximate cause of the injury without regard to the degree

of negligence; and second, where both plaintiff and defendant have been guilty of negligence contributing to the injury, yet the negligence of the plaintiff has been but slight, and that of the defendant gross, when compared with each other.

Now the plaintiff below, recognizing the fact that the defendant had proven certain facts from which the jury might perhaps find that Guess was not entirely free from negligence, asked the court to instruct the jury, in case they did so find, to pass upon the question of the relative degrees of negligence of the parties if both were negligent.

In other words, both of the conditions that we have already stated were submitted to the jury for their consideration with a view to have them ascertain from the evidence, whether the plaintiff had brought himself within either of them, so as to justify a verdict for him. We fail to find such error in submitting the case upon this point as calls for our interference.

The jury could not have understood from the manner the court submitted the question to them, that the plaintiff could recover if Guess had failed to exercise ordinary care to protect himself, for, as we have said, the defendant made its defense substantially to rest upon the ground of his failure in this respect, and at its request the court stated to the jury in the second, third, fifth, sixth and tenth instructions given for appellant, the effect of the negligence of Guess upon the right of recovery in the cause, and in such clear, pointed and positive terms that appellant can have no cause for complaint that the court, on behalf of the plaintiff, allowed the jury to pass upon the question of the comparative negligence of the parties.

Indeed, the negligence of Guess was made such a prominent factor in the case by appellant, both in the evidence and the instructions asked and given, that it is difficult to understand how the ingenuity of counsel could have presented it in any stronger light for the consideration of the jury.

They were told that if Guess failed to exercise "ordinary care," or was guilty of more than slight negligence, or was guilty of gross negligence, or failed to obey the rules of his own master in approaching the crossing, and that obedience to them would have prevented the injury, or, if he could have

prevented the injury by ordinary care upon his own part and failed to exercise it, in either case the verdict should be for the defendant. What more upon this point could the defendant below ask or expect at the hands of the court?

It is urged that the verdict is against the evidence, and for this reason a new trial should have been granted.

It was not seriously contended on the trial below, and is not in this court, but that the jury was justified in finding from the evidence that the servants of the appellant failed to connect the switch with the main line after passing upon the stock yards track with their train.

The jury undoubtedly came to the conclusion that leaving a switch disconnected from the main track upon which trains of another company are liable to pass at any time, may well be denominated gross negligence, if not to be characterized as criminal in the one guilty of the act. Such act is so terrible in its consequences to life, limb and property that courts and juries can not be expected to look upon it with any degree of toleration, or to be very alert or anxious to find some plausible excuse for its commission. It would be extremely difficult, if not impossible, to conceive a state of case that would excuse or palliate the act. The appellant, indeed, does not attempt such a task in this court, but as we have seen, relies upon the contributory negligence of Guess to defeat the action. This question was passed upon by the jury and, we think, they were justified in finding that the negligence of Guess, admitting that he was negligent, was but slight compared with that of the servants of appellant. Even if he was negligent, the act of appellant's servants was so extremely so as to make a most fitting case for the application of the doctrine of comparative negligence. Under the instructions, also, they must have found that even if Guess had obeyed the rules of his master in all respects, and otherwise had exercised ordinary care, the injury would not have been prevented thereby, and we are not disposed to hold that such conclusion does not find support in the evidence.

It is urged here for the first time that Guess was a fellow-servant of the servants of appellee, and also that he was injured

by one of the ordinary hazards of his employment. Without going into any extended discussion of the rules underlying these propositions, we think they partake more of questions of fact than of law and should have been made in the court below by proper instruction, defining who are fellow-servants and what are the ordinary perils of the business assumed by an employe, and thus called upon the jury to ascertain from the proofs whether the facts of this case brought the deceased within the principle governing either of the propositions. This was not done, but appellant was content to rest its entire defense upon the ground repeatedly stated herein, and having done so, it ought to be held to have waived other defenses that it might have urged before the court below.

The evidence of the plaintiff below considered by itself, would not justify the inference that Guess was injured either by the negligence of a fellow-servant or from one of the ordinary perils of his business, as the action is not against his own master but another company, but if the business relations were such as to bring Guess within the defenses claimed, or either of them, it devolved upon appellant to submit the facts to the jury under proper instructions for their guidance. C., B. & Q. R. R. Co. v. Bell, 112 Ill. 360.

It may be said, however, that it is not made to appear that Guess and the servants of appellant were within the rule stated in North Chicago Rolling Mill Co. v. Johnson, 114 Ill. 57, that requires that the servants of the same master, to be co-employes, so as to exempt the master from liability on account of injuries sustained by one resulting from the negligence of the other, shall be directly co-operating with each other in a particular business—*i. e.*, the same line of employment—or that their usual duties shall bring them into habitual association, so that each may exercise a mutual influence upon the other, promotive of proper caution.

We find no such error in the record as calls upon us to again reverse the judgment, and it will therefore be affirmed.

*Judgment affirmed.*